UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

---

| | |
|---|---|
| NATIONAL BOARD OF MEDICAL EXAMINERS<br>3750 Market Street<br>Philadelphia, Pennsylvania 19104,<br><br>and<br><br>FEDERATION OF STATE MEDICAL BOARDS<br>400 Fuller Wiser Road, Suite 300<br>Euless, Texas 76039-3855<br><br>          Plaintiffs,<br><br>   v.<br><br>OPTIMA UNIVERSITY LLC<br>1774 Highway 22<br>McKenzie, Tennessee 38201,<br><br>EIHAB MOHAMED SULIMAN<br>1774 Highway 22<br>McKenzie, Tennessee 38201, and<br><br>JOHN DOES 1-10,<br><br>          Defendants. | Civil Action No. _____ |

---

## COMPLAINT FOR DAMAGES AND
## <u>INJUNCTIVE RELIEF</u>

Plaintiffs the National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards (the "Federation") (collectively, "Plaintiffs) hereby allege as follows:

85016961.1

## NATURE OF ACTION

1. This is a copyright infringement action for damages and injunctive relief against defendants Optima University LLC (a/k/a Optima USMLE Review) ("Optima"); its owner, Eihab Mohamed Suliman (a/k/a Eihab Sullivan, Sihab M. Suliman, Eihab M. Ebrahim, Eihab Brahim, and Eihab M. Ibrahim) ("Suliman"); and John Does 1-10 ("Doe Defendants") (collectively, "Defendants"). Three causes of action are asserted: direct copyright infringement, contributory copyright infringement, and vicarious liability for copyright infringement by others.

## THE PARTIES

2. NBME is a not-for-profit organization that provides examinations for the health professions. Its mission is to help protect the public through state-of-the-art assessment of the knowledge and skills of prospective health care providers. The NBME was founded in 1915 because of the need for a voluntary, nationwide examination system that medical licensing authorities could use as a common standard by which to evaluate candidates for medical licensure.

3. The Federation is a non-profit organization established in 1912 and representing the 70 state medical boards of the United States and its territories. The Federation's mission is to continuously improve the quality, safety and integrity of health care through developing and promoting high standards for physician licensure and practice.

4. The NBME and the Federation own and sponsor the United States Medical Licensing Examination® ("USMLE"), which is a standardized examination that is used in evaluating applicants for medical licensure in the United States. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles --

85016961.1

2

5. With the assistance of various Doe Defendants, Optima University LLC and its owner, Eihab Suliman, operate a test preparation program which purports to assist prospective examinees in preparing to take the USMLE examination. As part of that program, the Defendants have improperly solicited, obtained, copied and distributed copyrighted USMLE examination materials owned by the Plaintiffs, including confidential test questions that are intended to be used on future examinations.

6. Despite its name, Optima is not a "university." It is a for-profit, commercial test preparation program.

## JURISDICTION AND VENUE

7. NBME is a not-for-profit District of Columbia corporation having its principal place of business at 3750 Market Street, Philadelphia, Pennsylvania 19104.

8. The Federation is a non-profit Nebraska corporation having its principal place of business at 400 Fuller Wiser Road, Suite 300, Euless, Texas 76039-3855.

9. Eihab Suliman is an individual who resides or may be found in this district. On information and belief, Suliman maintains residences in New Jersey and Tennessee. He owns Optima, which is incorporated in Tennessee, and he regularly transacts business here. His Tennessee address (home and/or work) is 1774 Highway 22, McKenzie, Tennessee 38201.

10. Optima is a Tennessee corporation whose address is 1774 Highway 22, McKenzie, Tennessee 38201. Optima incorporated in Tennessee in January 2008. Optima has also operated from a location in Totowa, New Jersey.

11. The true names and capacities of John Does 1-10 are unknown to Plaintiffs at this time. Upon information and belief, each of the John Doe defendants has helped Optima and Suliman copy and distribute the Plaintiffs' copyrighted materials, and each resides, may be found or is otherwise subject to suit in this district. Plaintiffs believe that information obtained in discovery will lead to the identification of each Doe Defendant. Plaintiffs will amend their complaint to allege the true names and capacities of the Doe Defendants as they are ascertained.

12. The matter in controversy consists of claims brought under federal law, exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. The Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

13. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a).

14. This Court has personal jurisdiction over Optima and Suliman because they reside and/or conduct business in this district, and because Optima owns property here.

15. This Court has personal jurisdiction over the Doe Defendants because, on information and belief, one or more of the Doe Defendants reside or may be found in this district and/or commercial transactions have occurred between the Doe Defendants and residents of Tennessee.

## FACTUAL ALLEGATIONS

**A.    The USMLE**

16. The USMLE examination is integral to each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine.

17. There are three parts of the USMLE, known as "Steps." Passage of all three Steps is accepted by all U.S. medical licensing authorities to satisfy the examination requirements for licensing physicians holding the M.D. or its equivalent degree in the case of graduates of international medical schools.

18. All three USMLE Step exams, except for the Clinical Skills component of Step 2, include multiple-choice questions. The multiple-choice questions are administered in a computer-based (rather than paper-and-pencil) format. The USMLE is administered at locations around the world to individuals who are attending, or have attended, medical schools in the United States and in other countries.

19. The USMLE Step 1 examination assesses whether the examinee understands and can apply important concepts of the sciences basic to the practice of medicine, with special emphasis on principles and mechanisms underlying health, disease, and modes of therapy. Step 1 assesses mastery of not only the sciences that provide a foundation for the safe and competent practice of medicine, but also the scientific principles required for maintenance of competence through lifelong learning. The Step 1 exam consists of approximately 350 multiple-choice questions.

20. The USMLE Step 2 exam, which includes a Clinical Knowledge component ("Step 2 CK") and a separate Clinical Skills component ("Step 2 CS"), assesses whether the examinee can apply medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision, and emphasizes health promotion and disease prevention. Step 2 is designed around principles of clinical sciences and basic patient-centered skills that provide the foundation for the safe and competent practice of medicine. Step 2 CK consists of approximately

21. The USMLE Step 3 examination assesses whether the examinee can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine, with emphasis on patient management in ambulatory settings. Step 3 provides a final assessment of physicians assuming independent responsibility for delivering general medical care. The Step 3 examination consists of approximately 450 multiple-choice questions, as well as approximately nine computer-based case simulations.

22. For each of the three USMLE Step exams, the development of test questions and question pools is a lengthy, painstaking and expensive creative process involving input from many subject matter experts and other individuals, with multiple levels of substantive, editorial and psychometric review and analysis.

23. The USMLE tests and test questions are original, copyrightable materials, and the Plaintiffs have complied in all respects with the requirements of the Copyright Act, 17 U.S.C. § 101 *et seq*. They therefore enjoy certain exclusive rights with respect to the test and the test questions, including the exclusive right to copy, distribute, display, and publish the tests and test questions; to authorize others to do so; and to prepare derivative works.

24. At all relevant times, the Plaintiffs have been the sole owners and holders of all right, title and interest in and to the copyrights in the USMLE tests and test questions at issue in this lawsuit.

25. It has been, and will continue to be, the regular practice of the Plaintiffs to register USMLE tests and test questions with the United States Copyright Office. The "TX" registration numbers assigned by the Copyright Office to USMLE forms and/or sets of computer-based questions registered by the Plaintiffs include the following: TX 6-845-880; TX 6-845-857; TX 6-596-343; TX 6-419-276; TX 6-468-136; and TX 6-343-190.

26. The USMLE is a "secure" test, which means that the questions that appear on each exam are confidential and have not been previously disclosed by the Plaintiffs to the general public. USMLE test materials are registered with the Copyright Office in compliance with regulations that the Copyright Office has adopted specifically to protect the confidentiality of secure tests.

27. As is common practice with respect to secure, standardized tests, the Plaintiffs reuse a certain number of USMLE questions on subsequent examinations in order to "equate" examination scores from one test form to another, and occasionally for other reasons. As a result, a certain number of questions that appear on each version of a USMLE exam may also appear on future versions of the exam.

28. Because the USMLE is a secure examination, confidential USMLE test questions are not intended to be disclosed except during actual test administrations.

29. The unauthorized disclosure of secure test items compromises the integrity of the examination process. It can also jeopardize the validity of the resulting scores and undermine the medical licensing process in the United States. This has particular significance here, because the examinations in question are used by state medical boards in making decisions about licensing doctors. Examinees should pass the USMLE by

30. This case involves the unauthorized copying and disclosure of secure USMLE questions. It also involves the unauthorized copying and disclosure of publicly released, non-secure USMLE questions.

31. The USMLE "Bulletin of Information" alerts prospective examinees to the fact that the USMLE exam materials are confidential and copyrighted:

> **OWNERSHIP AND COPYRIGHT OF EXAMINATION MATERIALS**
>
> The examination materials used in the USMLE are copyrighted. If you reproduce and/or distribute any examination materials, by any means, including memorizing and reconstructing them, without explicit written permission, you are in violation of the rights of the owners…. [E]very legal means available to protect USMLE copyrighted materials and secure redress against those who violate copyright law may be pursued.

The Bulletin also sets forth certain "Rules of Conduct" that examinees agree to comply with in applying to take the USMLE, including the following two rules:

> 7. You will not remove materials in any form (written, printed, recorded, or any other type) from the test center.
>
> 8. All examination materials remain the property of the USMLE parent organizations, and you will maintain the confidentiality of the materials, including the multiple-choice items..... You will not reproduce or attempt to reproduce examination materials through memorization or any other means. Also, you will not provide information relating to examination content that may give or attempt to give unfair advantage to individuals who may be taking the examination. This includes [making] postings regarding examination content and/or answers on the Internet.

The Bulletin is found on the USMLE website and is available to all examinees well in advance of their test date. When they apply to take any USMLE Step, examinees are

85016961.1

8

required to affirm that they have read and will comply with the Bulletin. They see a screen on the computer reminding them of the rules when they take the exam.

32. In order to help prospective examinees familiarize themselves with the types of questions contained on the USMLE and otherwise prepare for the exam, the Plaintiffs publish previously administered, "retired" USMLE questions. For example, the Plaintiffs make practice tests available to all prospective examinees, in an electronic format that is similar to what examinees will encounter when they take the actual USMLE exams. The practice tests contain hundreds of publicly released, non-secure USMLE questions. The practice materials are copyrighted.

**B.    Defendants' Unlawful Conduct**

33. This case involves the unauthorized copying, reconstruction and distribution of copyrighted USMLE test questions and answers by Optima, Suliman, the Doe Defendants, and other individuals for whose conduct the Defendants are responsible. Defendants have obtained, used, and distributed USMLE questions that have been improperly and unethically copied or disclosed by individuals who have taken the USMLE.

34. In 2007, NBME noted a series of unusual test results from individuals who took their USMLE exams in Bucharest, Romania and Budapest, Hungary. The test results suggested that these individuals might be taking the exams *not* in an effort to pass, but rather to gain access to exam content.

35. Plaintiffs obtained video recordings of the testing sessions for certain of the individuals. On more than one of the recordings, the examinee is seen using a device

36. One of the individuals who is seen photographing, videotaping or scanning test content from his computer screen has taken the USMLE exams at least six times, failing each time with an anomalously low score. On four of his exam applications, he listed an address in New Jersey that was associated with Suliman, 1341 North Avenue, Apt. 9K, Elizabeth, New Jersey. In two of his other applications, he listed an address in Romania that has been associated with Suliman, Str. Morii, No. 8, BL. ANS. ScA et 4, Apt. 18, Oradea 3700, Bihor, Romania.

37. Other individuals also took USMLE exams in Romania or Hungary, scored very poorly, and listed as their address the same addresses in New Jersey or Romania that have been associated with Suliman.

38. Suliman has registered to take the USMLE numerous times and has taken the USMLE at least twice.

39. On each occasion that he took the USMLE, Suliman was informed in writing that the USMLE is copyrighted and that examinees may not disclose the test questions or answers that they see when taking the test.

40. Notwithstanding his awareness of this non-disclosure obligation, Suliman has actively encouraged examinees to copy and distribute USMLE test questions and answers, and he has done so himself.

41. Optima offers 12-week, 7-week and 4-week programs for individuals who are preparing to take the USMLE Step 1 or USMLE Step 2 examination. Optima currently charges $6,950, $4,950, and $3,250 for those programs, respectively.

42. Optima claims that its customers have a pass rate on the USMLE exams of over 98% and that its customers include individuals who have previously been unable to pass the exams. Optima's website tells prospective customers that "[w]e will get you an average 45 points gain from your non-passing score … don't waist [sic] your time and energy in irrelevant materials…."

43. Optima tells its customers that they will have "[a]ccess to over 3,000 USMLE style questions."

44. The Optima course materials include questions which are owned and copyrighted by the Plaintiffs (and perhaps by third-party copyright holders, such as Kaplan or other test-preparation organizations). The use of the Plaintiffs copyrighted materials by Optima is unauthorized and unlawful.

45. Despite the fact that Optima's materials included copyrighted materials developed and owned by the Plaintiffs, Optima tells its customers that Optima owns the copyrights in all of the "Content provided in lectures, our books, our DVD's, multimedia kinds or tools or in the website;" that customers "are not permitted to copy, modify, reproduce, disclose or distribute any of the copyrighted Content in whole or in part;" and that "[a]ny unauthorized use of the Content is a violation of Optima University rights protected by USA Federal laws and could subject you and others who are involved to criminal and civil penalties…."

46. Defendants do not have and have never had permission to reproduce, publish, display, distribute copies of, or prepare derivative works based on any released or unreleased USMLE test questions or other copyrighted USMLE materials.

47. Defendants' misappropriation, use and distribution of the Plaintiffs' copyrighted materials has at all relevant times been, and continues to be, willful and knowing.

## COUNT I: COPYRIGHT INFRINGEMENT

48. Plaintiffs repeat the allegations above as if fully set forth herein.

49. Each version of each USMLE exam is an original work of authorship that is copyrighted under the laws of the United States on creation. Plaintiffs own the copyright in each of these USMLE exams and in the questions and answers contained therein.

50. Under the Copyright Act, 17 U.S.C. § 101 et seq., Plaintiffs enjoy exclusive rights with respect to the USMLE tests and the questions and answers contained therein, including the exclusive rights to reproduce, distribute, display and create derivative works based on the tests and test questions and answers.

51. Plaintiffs have been issued certificates of registration by the Register of Copyrights for the USMLE examination materials.

52. Defendants have not been authorized by the Plaintiffs to reproduce, publish, distribute copies of, or prepare derivative works based on any published or unpublished USMLE test or test questions or any other copyrighted USMLE works.

53. Defendants have copied, reproduced, distributed, published and/or displayed copyrighted USMLE test preparation materials and copyrighted USMLE test questions, or derivations thereof, without permission or authorization from the Plaintiffs.

54. Defendants have willfully infringed and are continuing to infringe the Plaintiffs' copyrights by copying, reproducing, distributing, publishing, preparing

55. Defendants' infringement of the Plaintiffs' copyrights has harmed the Plaintiffs, for which the Plaintiffs are entitled to damages and other relief.

### COUNT II: CONTRIBUTORY INFRINGEMENT

56. Plaintiffs repeat the allegations above as if fully set forth herein.

57. With knowledge of the infringing activity, Defendants have induced, caused, or materially contributed to the acts of third parties who have infringed upon copyrights held by the Plaintiffs. Among other activities, Defendants have encouraged, solicited and/or facilitated others to copy USMLE questions and other USMLE materials that are protected by the copyrights held by the Plaintiffs.

58. Defendants' acts have harmed the Plaintiffs, for which the Plaintiffs are entitled to damages and other relief.

### COUNT III: VICARIOUS LIABILITY FOR INFRINGING CONDUCT OF OTHERS

59. Plaintiffs repeat the allegations above as if fully set forth herein.

60. Defendants Optima and Suliman determine and control what materials are used in the Optima test preparation program.

61. Defendants Optima and Suliman have encouraged and induced others to copy, disclose, discuss, access, and distribute copyrighted USMLE questions and answers and other USMLE materials, and have supervised such unlawful activities.

62. Defendants Optima and Suliman have an obvious and direct financial interest in having copyrighted USMLE questions and answers copied, discussed,

63. Defendants Optima and Suliman have known, at all relevant times, that other individuals are copying, disclosing and/or distributing materials that are copyrighted by the Plaintiffs for use in connection with Optima's test preparation program. Defendants Optima and Suliman have also known that the disclosure and distribution of such USMLE materials have not been authorized by the Plaintiffs. Defendants Optima and Suliman are vicariously liable for these third-party infringements of the Plaintiffs' copyrights.

64. The acts of Defendants Optima and Suliman have harmed the Plaintiffs, for which the Plaintiffs are entitled to damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court:

(1) Enter a preliminary and a permanent injunction, as specifically provided by 17 U.S.C. § 502 and any other applicable law, that prohibits the Defendants, their agents, servants, employees, attorneys, assigns and all persons in concert or participation with them, from infringing in any manner the Plaintiffs' existing or future copyrights by copying, duplicating, distributing, posting, displaying, advertising, selling, adapting, publishing, reproducing, preparing derivative works based on, renting, leasing, offering or otherwise transferring or communicating in any manner, orally or in written, printed, audio, electronic, photographic, machine-readable, or other form, including but not limited to any publication on the internet, or communication to any agent, representative, employee, member, person or affiliate, or in written or downloadable electronic

materials, any test questions or answers that are identical or substantially similar to actual, copyrighted USMLE test questions or answers or other copyrighted USMLE material, or aiding, abetting, or licensing any other person to do the same;

(2) Enter an order, as specifically provided for in 17 U.S.C. § 503, impounding in unencrypted, plain text format:

(a) all copies of all test questions, answers, workbooks, software, simulated exams and other materials that are used by the Defendants and that contain test questions or other materials that infringe the Plaintiffs' copyrights, and

(b) all plates, molds, matrices, masters, tapes, disks, hardware, software and other articles for reproducing such infringing copies;

(3) Enter an order, as specifically provided by 17 U.S.C. § 503, for destruction of all infringing copies of materials that include all or any part of any copyrighted USMLE test questions or answers or any USMLE materials derived from such test questions or answers;

(4) Award the Plaintiffs:

(a) All profits earned by the Defendants, directly or indirectly, by reason of their infringement of the Plaintiffs' copyrights, plus the Plaintiffs' actual damages resulting from the infringement of their copyrights by the Defendants, as authorized by 17 U.S.C. § 504(b); or

(b) As an alternative to the Plaintiffs' actual damages and the Defendants' profits, and at the election hereinafter by the Plaintiffs, statutory damages

based upon the Defendants' willful infringement in the maximum amount permitted by the Copyright Act, as authorized by 17 U.S.C. § 504(c);

(5) Award the Plaintiffs their costs incurred in this action, including reasonable attorneys' fees, as provided by 17 U.S.C. § 505 and by any other applicable law; and

(6) Enter an order requiring that Defendants file with this Court and serve upon the Plaintiffs, within thirty (30) days after the entry and service of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

(7) Award the Plaintiffs such other, further, different, or additional relief as this Court deems equitable and proper.

DATED: This, the 23rd day of February, 2009.

Respectfully submitted,

/s/ Russell E. Reviere

Rainey, Kizer, Reviere & Bell, P.L.C.
105 Highland Avenue South
P.O. Box 1147
Jackson, TN 38301
(731) 423-2414
Fax: (731) 426-8111
rreviere@raineykizer.com

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(202) 662-0200
Fax: (202) 662-4643
rburgoyne@fulbright.com
cmew@fulbright.com

*Counsel for Plaintiffs National Board of Medical Examiners and Federation of State Medical Boards*