UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

_____
                                                        )

**NATIONAL BOARD OF MEDICAL**    )
   **EXAMINERS** *et al.*,               )
                                                        )
               **Plaintiffs,**    )
   v.                                  )      Civil Action No. 09-1043-JDB
                                                        )
**OPTIMA UNIVERSITY LLC** *et al.*,  )
                                                        )
               **Defendants.**   )
_____)_____

**PLAINTIFFS' STATUS REPORT AND EMERGENCY MOTION
FOR AN ORDER REQUIRING DEFENDANTS TO SHOW CAUSE
WHY THEY SHOULD NOT BE HELD IN CONTEMPT FOR
VIOLATING THE COURT'S TRO AND IMPOUNDMENT ORDER**
_____

       On February 23, 2009, this Court entered an order authorizing the National Board of Medical Examiners and the Federation of State Medical Boards ("Plaintiffs") to seize and impound copies of all test preparation materials in the custody or control of Defendants Optima University LLC ("Optima") and Eihab Suliman ("Suliman") (the "Impoundment Order"). The materials in question include materials that are believed to infringe the Plaintiffs' copyrights in the United States Medical Licensing Examination ("USMLE").

       Plaintiffs attempted to carry out the authorized impoundment on February 24, 2009, at Optima's McKenzie, Tennessee location, with the assistance of two U.S. Marshals and two computer forensics experts. The Defendants did not cooperate. As a result, Plaintiffs were unable to obtain all the materials called for in the Impoundment Order and now return to the Court for further relief. Plaintiffs are also providing a status

report on the attempted impoundment, by way of this motion and the Memorandum submitted in support of this motion.  A status report is required under paragraph 10 of the Court's Impoundment Order.

WHEREFORE, Plaintiffs request that this motion be granted and that Defendants be ordered to appear before the Court as promptly as the Court's schedule permits to show cause why they should not be held in contempt.  Plaintiffs request that, if the Court holds Defendants in contempt, Plaintiffs be awarded the following relief:

(1)   An order requiring Defendants to (a) provide the Court and the Plaintiffs, within five (5) days of the Court's order, with an affidavit that contains a complete inventory of all materials in the Defendants' custody or control that contain USMLE-type questions or cases, whether in a paper or electronic format, as well as the source and current physical location of all such materials (including the location of computer servers that host any such materials) and all passwords or other information necessary to access those materials; and states whether any paper or electronic records have been destroyed, transferred or altered by the Defendants or their agents at any time on or after February 23, 2009; and, if so, identifies those records and states when, by whom, and why the records were destroyed, transferred or altered; and, if transferred, where, when and to whom the records were transferred; and (b) promptly make available to Plaintiffs and their forensic experts all paper-based documents and all computers (PCs and laptops), servers, harddrives, CDs, DVDs, videotapes, recordings, and other electronic media in the custody or control of the Defendants that contain any USMLE-type questions or cases, for inspection and copying of any materials that are within the scope of the Court's initial Impoundment Order, with Defendants to pay all costs associated with such

inspection and copying for the services of the computer forensic experts and any U.S. Marshal(s);

(2) An order requiring Defendants to reimburse Plaintiffs for the additional U.S. Marshal costs that they incurred because of the Defendants' failure to cooperate during the initial impoundment, in the amount of $330.00;

(3) An order authorizing the Plaintiffs to retain all electronic records obtained during the initial impoundment, even if those records are outside the scope of the initial Impoundment Order, and to use any of those records so long as they would have been discoverable in this litigation;

(4) An order awarding the Plaintiffs their reasonable attorneys' fees and costs incurred in bringing this contempt motion, in an amount to be determined following the submission of a fee and cost request by the Plaintiffs in accordance with Fed. R. Civ. P. 54; and

(5) Such other relief as the Court deems just and proper.

Respectfully submitted,

s/ Russell E. Reviere
Russell E. Reviere
Rainey, Kizer, Reviere & Bell, P.L.C.
105 Highland Avenue South
P.O. Box 1147
Jackson, TN 38301
(731) 423-2414
Fax:  (731) 426-8111
rreviere@raineykizer.com

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(202) 662-0200
Fax: (202) 662-4643
rburgoyne@fulbright.com
cmew@fulbright.com

*Counsel for Plaintiffs National Board of Medical Examiners and Federation of State Medical Boards*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon the following via U.S. Mail postage prepaid on March 5, 2009 (with a courtesy copy of this Pleading sent to Defendant's Counsel at jbradberryesq@citlink.net):

Optima University, LLC
1774 Highway 22
McKenzie, Tennessee 38201

Eihab Mohammed Suliman
1774 Highway 22
McKenzie, Tennessee 38201

s/ Russell E. Reviere_____