UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NATIONAL BOARD OF MEDICAL EXAMINERS *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 09-1043-JDB ) |
| OPTIMA UNIVERSITY LLC *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR AN ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE COURT'S TRO AND IMPOUNDMENT ORDER**

As the Court knows, this case involves the alleged infringement of copyrighted, secure test materials by defendant Optima University LLC ("Optima"), Eihab Mohamed Suliman ("Suliman"), and various John Doe defendants (collectively, "Defendants"). The infringed test materials are from the United States Medical Licensing Examination, or "USMLE," which is used as part of the licensing process for doctors in Tennessee and in every other state and U.S. territory. The Defendants have unlawfully been using confidential USMLE test questions in a commercial test preparation program for which they charge thousands of dollars. The Defendants' actions infringe the Plaintiffs' intellectual property rights, undermine the integrity of the USMLE examination process, and could threaten the health and welfare of the general public, which relies upon the licensing process to help ensure that doctors have the knowledge and skills that contribute to safe and effective patient care.

85021241.1

1.      The National Board of Medical Examiners and the Federation of State Medical Boards ("Plaintiffs") develop and own the USMLE. They filed this lawsuit on February 23, 2009, alleging infringement of their copyrights. Plaintiffs simultaneously requested a temporary restraining order directing a United States Marshal to seize and impound *copies* of all materials used in Defendants' USMLE programs. The purpose of this limited relief was to preserve the evidence of Defendants' unlawful activity.

2.      The Court granted the Plaintiffs' motion. Insofar as relevant here, the impoundment order provided as follows:

> 1.  The United States Marshal for the Western District of Tennessee shall promptly seize and impound from the premises at 1774 Highway 22, McKenzie, Tennessee, and any adjoining or related premises within this District that are owned or occupied by defendant Optima University LLC or defendant Eihab Mohamed Suliman, the following items:
>
> A copy of all USMLE-type questions and other course materials in Defendants' custody or control that are used or available for use by Defendants as part of their USMLE test preparation programs, whether stored electronically or in paper format.
>
> 2.  The Marshal shall also acquire from Defendants any passwords or other information needed to access or copy any electronically stored materials that are used or available for use as part of Optima's or Suliman's USMLE test preparation programs or services.
>
> 3.  The Marshal is authorized to be accompanied by one counsel for Plaintiffs, computer forensics experts acting on behalf of Plaintiffs, and such other persons as the Marshal deems appropriate in order to carry out this order. Defendants shall fully and promptly cooperate in the implementation of this Order by those individuals.
>
> 4.  This seizure shall be conducted at the location(s) specified above in a manner calculated to prevent Defendants from destroying, concealing, transporting, or otherwise avoiding seizure of infringing articles.

\* \* \*

> 8. Defendants are hereby ordered to preserve all documents and other records in their custody or control that relate in any way to their USMLE test preparation services or programs, and shall refrain from destroying any such records (whether in a paper or electronic format, and whether originals or copies).

Order at 2-3 (Feb. 23, 2009) (the "Impoundment Order").

Plaintiffs requested the impoundment because of the very real possibility that infringing materials would never be produced in discovery. Defendants' conduct during the attempted impoundment confirmed that this concern was justified. Suliman refused to cooperate during the impoundment. He purported not to know that there were computer servers onsite, but, when the servers were discovered, he said that he installed them. He purported not to know the passwords needed to access encrypted electronic materials, saying he had "selective amnesia," and thus failed to disclose those passwords to the U.S. Marshal as he was expressly required to do. And he may have deactivated an intranet website while the impoundment was going on, before the Plaintiffs' forensics experts could access the site. As a result, Plaintiffs were unable to obtain all materials called for in the Impoundment Order and must now seek further judicial relief.

## I.     SUMMARY OF RELIEF REQUESTED

If Defendants are held in contempt, Plaintiffs request (1) a supplemental impoundment order, intended to rectify the Defendants' violation of the Court's initial Impoundment Order; (2) an award of the additional U.S. Marshal costs incurred during the initial impoundment because of Defendants' failure to cooperate; and (3) an award of attorneys' fees and costs incurred in pursuing this contempt motion, in an amount to be established through separate briefing pursuant to Fed. R. Civ. P. 54.

85021241.1

3

## II.     GOVERNING LEGAL STANDARDS

"[A]ll orders and judgments of courts must be complied with promptly," or a party becomes subject to contempt. *Maness v. Meyers*, 419 U.S. 449, 458 (1975); *see also Chambers v. NASCO*, 501 U.S. 32, 44 (1991). "The contempt power is a part of the Court's inherent and continuing authority to enforce its orders, protect the authority and dignity of the court, and assure the administration of justice." *Hauck Mfg. v. Astec Indus.,* 2004 U.S. Dist. LEXIS 28369, *3 (E.D. Tenn. 2004). The contempt power is also provided for in various statutes. *See, e.g.,* 18 U.S.C. § 401 (authorizing a court "to punish by fine or imprisonment, or both at its discretion," any contempt of the court's authority, including "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command"); *Yash Raj Films (USA) Inc. v. Bobby Music Co. & Sporting Goods, Inc.*, 2006 U.S. Dist. LEXIS 96376, at **15-19 (S.D.N.Y. 2006) (applying 18 U.S.C. § 401 in the context of a civil contempt).

"In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that '[the respondent] violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the Court's order.'" *Elec. Workers Pension Tr. Fund v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 379 (6th Cir. 2003) (citation omitted). "[T]he test is not whether defendants made a good faith effort at compliance but whether 'the defendants took all reasonable steps within their power to comply with the court's order.'" *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (citation omitted). "There is no requirement of willfulness to establish civil contempt and 'the intent of a party to disobey a court

order is irrelevant to the validity of [a] contempt finding.'" *Nettis Env. Ltd. v. IWI, Inc.*, 46 F. Supp. 2d 722, 726 (N.D. Ohio 1999) (citations omitted).

"'Civil contempt is not a discretionary matter; if a court order has been violated, the court must make the injured party whole.'" *Yash Raj Films*, 2006 U.S. Dist. LEXIS 96376, at *21 (citation omitted). Judicial sanctions are awarded to serve "either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Gary's Elec. Serv.,* 340 F.3d at 379. "Courts are authorized to employ a wide range of remedies in achieving these objectives." *Hauck Mfg.,* 2004 U.S. LEXIS 28369, at *28. A prevailing movant on a contempt motion "is entitled to actual damages, costs, and attorney's fees," *Yash Raj Films,* 2006 U.S. Dist. LEXIS 96376, at *39, and non-monetary sanctions may also be awarded when appropriate.

For example, in *Nettis Env. Ltd. v. IWI, Inc.*, the court awarded the movant "attorneys' fees and costs … incurred in seeking contempt sanctions," where defendant violated the terms of a TRO and preliminary injunction; in addition, it required the defendant to submit an affidavit to the court and to the plaintiff reporting on whether internet search engines were still retrieving defendant's website when searching for the plaintiff's name, in violation of the court's order. *See* 46 F. Supp. 2d at 728-29. Similarly, in a case directly analogous to the present case, the U.S. District Court for the Middle District of Tennessee awarded both monetary relief (the "costs of prosecuting [the] civil contempt motion, including reasonable attorneys' fees") and non-monetary relief where a defendant (JTP) failed to comply with a preliminary injunction that "ordered the impoundment of '[a]ll infringing software, as well as any misappropriated

85021241.1

5

data disk….". *MGE UPS Sys., Inc. v. Titan Specialized Servs., Inc.*, 2006 U.S. Dist. LEXIS 88398, at \*\*38-44 (M.D. Tenn. 2006). As here, "materials were subject to the Order and impoundment, but were not surrendered," including software located on defendant JTP's computers. *Id*. at \*\*39-41. To remedy this failure, the court awarded the following relief:

> [T]he court will require JTP to produce all of its computers for inspection by MGE's computer expert to ensure that all MGE software and trade secrets are removed from JTP's harddrives. JTP shall pay the costs of MGE's expert's work under this order.

*Id.* at \*44.

Relief similar to that awarded in *Nettis* and *MGE UPS* is warranted here, for the reasons that follow.

### III. DEFENDANTS' VIOLATION OF THE IMPOUNDMENT ORDER

Plaintiffs' counsel attempted to carry out the Court's Impoundment Order on February 24, 2009, accompanied by two U.S. Marshals, a paralegal, and two computer forensic experts. *See generally* Declaration of Russell Kinard ( "Kinard Decl.") (Ex. A hereto), *and* Declaration of David Jimenez ("Jimenez Decl.") (Ex. B hereto). They arrived at Optima's premises around 3:30 p.m., where they found several apparent customers of Optima working at computers. Jimenez Decl. ¶ 4. There were approximately 60 computers set up for use by Optima students, in multiple rooms, and most of the workstations appeared to contain the personal effects of Optima customers. *Id.*

Defendant Eihab Suliman was not on the premises when the U.S. Marshals and Plaintiffs' counsel arrived, but he was phoned and eventually appeared. Kinard Decl. ¶ 4. One of the U.S. Marshals gave him a copy of the Impoundment Order and "explained to

85021241.1

him that he was required by Court Order to cooperate with Plaintiffs' representatives in obtaining the information detailed in the order and that he was to provide necessary passwords to allow access to assist in executing their tasks in compliance with the Order of this Court." *Id.* The Impoundment Order was also explained to Suliman by Plaintiffs' counsel, and Suliman spoke by telephone to someone he identified as his attorney in New Jersey. *Id.* at ¶ 5. After initially saying that he would not provide the necessary passwords (claiming to have "temporary amnesia"), Suliman purported to attempt to log onto a computer to access encrypted information. *Id.* at ¶¶ 5-6. He did so twice, entering "a different number of characters on each occasion," and he was unsuccessful both times, *id.* at ¶ 6, after which he commented "they must have changed the password." Likewise, he did not provide other passwords necessary to access "Optima's password-protected electronic testing materials," *id.*, or the password to the computer in his office, Jimenez Decl. ¶ 10.

Suliman was equally uncooperative in identifying the computer servers which contain the USMLE-type questions called for in the Impoundment Order, claiming not to know whether there were other servers onsite. However, Plaintiffs' forensic experts subsequently "located a room on a lower floor … which appeared to be a possible location for file servers;" Suliman left the premises to obtain a key for this room, and the room in fact contained at least three servers. Kinard Decl. ¶ 7. "Mr. Suliman claimed to not know the password information to allow … access to the contents of the file servers even though he later said that he, personally, is the one who actually installed those file servers and who performs maintenance on all the computers…." *Id.*

While onsite at the Optima premises, Plaintiffs' forensic experts attempted to determine the location of the off-site server which contained course materials that Optima students apparently access through an Optima intranet site. Jimenez Decl. at ¶¶ 8-9. The site shut down, however, while the forensic experts were running their "diagnostic tests." *Id.* at ¶ 9. The shut-down is something that could have been done "remotely," *id.,* and it occurred after Suliman had been notified by telephone that the impoundment was taking place but before he arrived on the premises. *Id.*

The actions described above clearly violate the Court's Impoundment Order, the language of which was "definite and specific." *Gary's Elec. Serv.,* 340 F.3d at 4. Suliman -- Optima's owner -- was present during the impoundment, was given a copy of the Impoundment Order, had the Impoundment Order explained to him by a U.S. Marshal and by Plaintiffs' counsel, and discussed the Impoundment Order by telephone with a person whom Suliman identified as his attorney. Nevertheless, he failed to provide the passwords needed to access electronically stored materials, in direct violation of paragraph 2 of the Impoundment Order; and he failed to cooperate "fully and promptly" in the implementation of the Impoundment Order, in direct violation of paragraph 3 of the Impoundment Order.

As a result, it is virtually certain that Plaintiffs did not obtain copies of "all USMLE-type questions and other course materials in defendants custody or control," as they were authorized to do under paragraph 1 of the Impoundment Order, and additional time and effort were required to capture as much potentially responsive information at Optima's premises as possible notwithstanding Suliman's failure to cooperate. *See* Kinard Decl. ¶¶ 8-9; Jimenez Decl. ¶¶ 12-15.

## IV. APPROPRIATE RELIEF FOR THE DEFENDANTS' CONTEMPT

The following relief is requested in order "to coerce the defendant into compliance" with the Court's Impoundment Order and "to compensate the complainant for losses sustained," *Gary's Elec. Serv.*, 340 F.3d at 379:

1. A supplemental impoundment order (a) requiring the Defendants to provide to the Court and the Plaintiffs an affidavit that (i) contains a complete inventory of all materials in Defendants' custody or control that contain USMLE-type questions or cases, as well as the source and current physical location of all such materials and all passwords or other information needed to access those materials; and (ii) states whether any records have been destroyed, transferred or altered by the Defendants or their agents at any time on or after February 23, 2009, and, if so by whom, when, where and why; (b) requiring the Defendants to make available to the Plaintiffs' counsel and forensic experts, at Optima's premises in McKenzie, Tennessee, all computers, servers, harddrives, DVDs, CDs, videotapes, recordings, and other electronic media, and all paper documents, in the Defendants' custody or control that contain USMLE-type questions or cases, for inspection and copying of all materials that fall within the scope of the Court's initial Impoundment Order; (c) requiring the Defendants to pay all of the costs of Plaintiffs' forensic experts to perform this supplemental inspection and copying work, as well as the costs of the U.S. Marshal(s) who assist in the supplemental impoundment; (d) requiring Defendants to reimburse Plaintiffs for the additional costs that they incurred during the initial impoundment because of Defendants' failure to cooperate, consisting of additional fees paid to the U.S. Marshals to remain at Optima's premises until approximately 11:30 p.m. ($330, for the estimated six extra hours of Marshal time, at $55/hour as billed to

Plaintiffs); and (e) authorizing Plaintiffs to retain all of the electronic records that they obtained during the initial impoundment in their effort to locate and obtain copies of USMLE-type questions in the face of Defendants' lack of cooperation, even if those records consist of or include materials that are beyond the scope of the initial Impoundment Order, and to use any such records so long as they would have been discoverable in this lawsuit; and

(2) An order awarding Plaintiffs the reasonable attorneys' fees and costs incurred in connection with their contempt motion.

## CONCLUSION

Defendants should be ordered to show cause why they should not be held in contempt for violating the Impoundment Order. If the Defendants are found to be in contempt, Plaintiffs should be awarded the non-monetary relief set forth in the accompanying proposed Order. In addition, Defendants should be required to reimburse Plaintiffs for the additional U.S. Marshal costs that they incurred during the initial impoundment because of Plaintiffs' failure to comply with the Impoundment Order; for the cost of the forensic experts and U.S. Marshal(s) who assist in the supplemental impoundment; and for the attorneys' fees and related costs that Plaintiffs incur in connection with this contempt motion.

Respectfully submitted,

s/ Russell E. Reviere
Russell E. Reviere
Rainey, Kizer, Reviere & Bell, P.L.C.
105 Highland Avenue South
P.O. Box 1147
Jackson, TN 38301
(731) 423-2414
Fax: (731) 426-8111
rreviere@raineykizer.com

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(202) 662-0200
Fax: (202) 662-4643
rburgoyne@fulbright.com
cmew@fulbright.com

*Counsel for Plaintiffs National Board of Medical Examiners and Federation of State Medical Boards*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon the following via U.S. Mail postage prepaid on March 5, 2009 (with a courtesy copy of this Pleading sent to Defendant's Counsel at jbradberryesq@citlink.net):

Optima University, LLC
1774 Highway 22
McKenzie, Tennessee 38201

Eihab Mohammed Suliman
1774 Highway 22
McKenzie, Tennessee 38201

s/ Russell E. Reviere

85021241.1