UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NATIONAL BOARD OF MEDICAL EXAMINERS *et al.*,<br><br>                Plaintiffs,<br>v.<br><br>OPTIMA UNIVERSITY LLC *et al.*,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 09-1043-JDB<br>)<br>)<br>)<br>)<br>) |

## ORDER

This matter is before the Court on Plaintiffs' ex parte motion, pursuant to Federal Rule of Civil Procedure 65 and 17 U.S.C. § 503(a), for an Order directing the United States Marshal for the Western District of Tennessee to seize and impound certain material in the possession of Defendants which Plaintiffs allege infringe their copyrights.

Upon consideration of the materials submitted by Plaintiffs and any argument of counsel, IT APPEARS THAT: (1) Plaintiffs have a reasonable likelihood of success on the merits of their copyright claims; (2) there is a high probability that Plaintiffs will be irreparably injured if they are not able to obtain a copy of Defendants' test questions and answers used as part of Defendants' test preparation services because Plaintiffs do not otherwise have access to the materials that Defendants are providing to individuals who are preparing to take the United States Medical Licensing Examination ("USMLE"); (3) there is a strong and legitimate concern that Defendants would secret or destroy their infringing materials if they receive notice of this motion; and (4) the balance of hardships and public interest strongly favor issuance of this ex parte Temporary Restraining Order.

85009071.1

Therefore, based on good cause shown, Plaintiffs' motion is GRANTED, and it is hereby ORDERED that:

1. The United States Marshal for the Western District of Tennessee shall promptly seize and impound from the premises at 1774 Highway 22, McKenzie, Tennessee, and any adjoining or related premises within this District that are owned or occupied by defendant Optima University LLC or defendant Eihab Mohamed Suliman, the following items:

> A copy of all USMLE-type questions and other course materials in Defendants' custody or control that are used or available for use by Defendants as part of their USMLE test preparation programs, whether stored electronically or in paper format.

2. The Marshal shall also acquire from Defendants any passwords or other information needed to access or copy any electronically stored materials that are used or available for use as part of Optima's or Suliman's USMLE test preparation programs or services.

3. The Marshal is authorized to be accompanied by one counsel for Plaintiffs, computer forensics experts acting on behalf of Plaintiffs, and such other persons as the Marshal deems appropriate in order to carry out this order. Defendants shall fully and promptly cooperate in the implementation of this Order by those individuals.

4. This seizure shall be conducted at the location(s) specified above in a manner calculated to prevent Defendants from destroying, concealing, transporting, or otherwise avoiding seizure of infringing articles.

5. The Marshal shall provide all of the seized materials to Plaintiffs' counsel, who shall take reasonable steps to preserve the materials pending further order of the

85009071.1

Court. In the interim, Plaintiffs and Plaintiffs' counsel may access and use the seized materials solely for purposes of determining whether Defendants have infringed or are infringing Plaintiffs' copyrights, and whether that infringement may have resulted in prospective USMLE examinees having access to secure USMLE questions (in which event USMLE and the Plaintiffs shall retain the discretion to deal with such examinees in accordance with their standard examination policies).

6. Within three business days of the date of this Order, Plaintiffs shall post a bond in the amount of one thousand dollars ($1,000). Plaintiffs shall thereafter provide a copy of the bond to Defendants.

7. The Marshal shall serve this Order upon the Defendants by personally delivering the Order to Defendants at the time of the seizure, or if they cannot there be found, to any agent of the Defendants, or to the person from whose possession the articles are taken. If neither the Defendants nor any such agent of the Defendants can there be found, then the Marshal shall leave a copy of this Order at the usual place of business or at the residence of the Defendants, or of any agent of the Defendants, or at the place where such articles are found, with any person of suitable age and discretion. The Marshal shall make immediate return of such service to this Court.

8. Defendants are hereby ordered to preserve all documents and other records in their custody or control that relate in any way to their USMLE test preparation services or programs, and shall refrain from destroying any such records (whether in a paper or electronic format, and whether originals or copies).

9. Plaintiffs shall serve their Complaint and Summons on the Defendants within five (5) business days of the date on which this Order is implemented by the U.S.

85009071.1

Marshal, along with copies of their motion for ex parte relief and all papers submitted in support of that motion.

10. No later than ten (10) business days of the date on which this Order is implemented by the U.S. Marshal, Plaintiffs shall submit a status report that addresses the outcome of the seizure and impoundment process authorized herein, as well as the proposed next steps in this litigation.

**IT IS SO ORDERED.**

Dated: February 23, 2009, at    3:25    p.m.

_____
United States District Judge