UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

_____
                                                       )
**NATIONAL BOARD OF MEDICAL**      )
   **EXAMINERS** *et al.*,              )
                                                       )
                      **Plaintiffs,**     )
    v.                                )      Civil Action No. 09-1043-JDB
                                                       )
**OPTIMA UNIVERSITY LLC** *et al.*,   )
                                                       )
                     **Defendants.**    )
_____)_____

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN FURTHER
SUPPORT OF HOLDING DEFENDANTS IN CONTEMPT FOR
VIOLATING THE COURT'S TRO AND IMPOUNDMENT ORDER**
_____

  On March 4, 2009, plaintiffs the National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB") (collectively, "Plaintiffs") filed a Status Report and Emergency Motion for an Order Requiring Defendants to Show Cause Why They Should Not Be Held in Contempt for Violating the Court's TRO and Impoundment Order (Docket Entry # 13).  Plaintiffs explained that, when they attempted to carry out the Court's February 23, 2009 Impoundment Order at Optima's McKenzie, Tennessee location, the Defendants did not cooperate.  Defendant Suliman purported not to know where Optima's computer servers were located, claimed not to know the passwords needed to access encrypted electronic materials, and may have deactivated an intranet website while Plaintiffs' forensics experts were attempting to access the cite.  *See* Mem. in Supp. of Pls.' Emer. Mot. for Show Cause Order (Mar. 4, 2009), at 3 (Docket Entry #13).  The Court granted Plaintiffs' emergency motion, and set a show cause hearing.

85044813.1

Before the scheduled hearing, on March 16, 2009, Defendant Suliman provided counsel for Plaintiffs certain passwords to a notebook computer, desktop computer, and computer server from Optima's premises. These passwords were insufficient to allow Plaintiffs access to all of the information they were entitled to recover and impound from Defendants. Counsel for Plaintiffs explained this to Counsel for Defendants, and on March 20, 2009, counsel for Defendants informed counsel for Plaintiffs that Defendant Suliman would allow Plaintiffs access to Optima's premises in order to retrieve any information that was not made available to them on February 24.

Counsel for Plaintiffs, a U.S. Marshal, and two computer forensics experts participated in the second visit to Optima on March 26, 2009. *See* Declaration of Ken G. Tisdale ("Tisdale Decl."), ¶ 10 (Ex. A hereto). Plaintiffs' computer forensics experts examined Defendant Suliman's Sony VAIO laptop, finding two encrypted hard drives and 300gb of "free space." *See id.* ¶ 11. The TrueCrypt software installed on Defendant Suliman's computer allows a user to encrypt and hide volumes on a hard drive. *See id.* ¶ 14. Defendant Suliman, however, professed not to know anything about computers or whether he had a "Hidden Volume" of information on the laptop. *See id.* ¶ 15. The amount of free space between two partitions on the laptop computer is rarely seen in computers that are used frequently, and struck Plaintiffs' computer forensics expert as "extremely suspicious." *See id.* ¶ 13. Statements made by Defendant Suliman about the age of his computer and its amount of use did not appear to be true, based the type and condition of this computer. *See id.* ¶¶ 12-13.

Further forensic review of Defendant Suliman's laptop computer revealed that, on the morning of March 26, 2009, at 9:30 a.m. (at or just prior to the time that Plaintiffs'

computer forensics experts arrived at Optima), the data wiping utility "Eraserl.exe" was run on Defendant Suliman's laptop. *See id.* ¶ 27. Forensic review also showed that Defendant Suliman's laptop had previously been connected to an FTP site. *See id.* FTP sites are utilized as storage locations where an individual can move files from a computer to an FTP site and later retrieve the files from any computer. *See id.* Furthermore, forensic review indicated that, on March 11, 2009, the entire operating system on Defendant Solomon's laptop was completely reinstalled. *See id.* This reinstallation process may have prevented Plaintiffs from recovering any data from or identifying any activity on the computer prior to the reinstallation. *See id.* Plaintiffs' computer forensics expert has concluded that "there is no question that specific activities were taken to hide, relocate and prevent the recovery and viewing of data that at one time resided or continues to reside (in an encrypted and hidden format) on Defendant Suliman's laptop computer or on an FTP site." *Id.* ¶ 29. Defendant Suliman also was uncooperative in supplying passwords for the classroom computers. *See id.* ¶ 31.

If Defendant Suliman had cooperated, the second collection could have been performed in less than five hours. *See id.* ¶ 33. Instead, Plaintiffs' counsel, their two computer forensics experts, and a U.S. Marshal had to spend fourteen hours on site, and Plaintiffs have yet to obtain all the material called for in the Court's Impoundment Order. *See id.*

Thus, rather than curing their prior contempt of court, Defendants took additional actions that constituted additional violations of the Court's Impoundment Order. Defendant Suliman failed to cooperate "fully and promptly" in the implementation of the Impoundment Order, in direct violation of paragraph 3 of the Impoundment Order, and

Defendants failed to "preserve all documents and other records in their custody or control that relate in any way to their USMLE test preparation services or programs, and . . . refrain from destroying any such records[,]" as required by paragraph 8 of the Impoundment Order.  Impoundment Order at 2-3 (Feb. 23, 2009).  And while Defendants have not yet turned over all of the USMLE-style questions in their custody or control, Plaintiffs have been able to determine from the materials that they have been provided that Defendants' course materials include copies of actual, secure USMLE questions.  It is all the more imperative, therefore, that Plaintiffs be able to obtain access to *all* USMLE-type materials in Defendants' custody or control.

Plaintiffs therefore repeat and renew their request for the following relief, if Defendants are held in contempt:  (1) a supplemental impoundment order, intended to rectify Defendants' violations of the Court's initial Impoundment Order; (2) an award of the additional U.S. Marshal costs incurred during the initial impoundment and second visit due to Defendants' failure to cooperate; and (3) an award of attorneys' fees and costs incurred in pursuing this contempt motion, in an amount to be established through separate briefing pursuant to Fed. R. Civ. P. 54.   The relief requested is set out more fully in Plaintiffs' March 4, 2009, submission (docket entry #13).

Respectfully submitted,

s/ Russell E. Reviere
Russell E. Reviere
Rainey, Kizer, Reviere & Bell, P.L.C.
105 Highland Avenue South
P.O. Box 1147
Jackson, TN 38301
(731) 423-2414
Fax: (731) 426-8111
rreviere@raineykizer.com

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(202) 662-0200
Fax: (202) 662-4643
rburgoyne@fulbright.com
cmew@fulbright.com

*Counsel for Plaintiffs National Board of Medical Examiners and Federation of State Medical Boards*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon the following via U.S. Mail postage prepaid on April 10, 2009 (with a courtesy copy of this pleading sent to Defendants' counsel at jbradberryesq@citlink.net):

Optima University, LLC
1774 Highway 22
McKenzie, Tennessee 38201

Eihab Mohammed Suliman
1774 Highway 22
McKenzie, Tennessee 38201

s/ Russell E. Reviere