## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

_____

|  |  |
|---|---|
| ) | |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 09-1043-JDB |
| ) | |
| OPTIMA UNIVERSITY LLC *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | _____ |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CONTINUE SHOW CAUSE HEARING
_____

Come now the Plaintiffs, by and through counsel, and in response and opposition to Defendants' Motion to Continue Show Cause Hearing, would state and show unto this Court as follows:

This case was commenced against the Defendants on February 23, 2009. The Defendants were served with the summons and Complaint on February 24, 2009. Furthermore, this Court entered its Order granting Plaintiffs' Motion for Impoundment on February 23, 2009, which required the Defendant to cooperate fully with the U.S. Marshal's Office and the Plaintiffs in impounding copies of **all** USMLE test related materials. The Plaintiffs, its technology advisors and the U.S. Marshals visited the Defendants' site shortly after the filing of the Complaint. As set forth in Plaintiff's Status Report And Emergency Motion For An Order Requiring Defendants To Show Cause Why They Should Not Be Held In Contempt For Violating The Court's TRO and Impoundment Order, the Plaintiffs' efforts in achieving the goals set forth in this Court's Order granting Plaintiff's Motion for Impoundment were severely compromised by the

85044813.1

Defendants' refusal to cooperate and the Defendants' apparent intentional actions in misleading the Plaintiffs concerning the existence and location of the materials and data in question.

After this initial visit, the Plaintiffs filed their Status Report And Emergency Motion For An Order Requiring Defendants To Show Cause Why They Should Not Be Held In Contempt For Violating The Court's TRO and Impoundment Order.  Subsequent to the filing of said motion, the Defendants agreed to allow the Plaintiffs, its technology advisors and the U.S. Marshal's Office to revisit the location in an attempt to satisfy this Court's Order.  However, as set forth in Plaintiffs' Supplemental Memorandum in Further Support of Holding Defendants in Contempt for Violating the Court's TRO and Impoundment Order and the accompanying Declaration of Ken G. Tisdel, the Plaintiffs' second visit to the location revealed ***significant*** alterations in the status of the materials and data of the Defendants since the time of the first visit.  In other words, because of the delay in complying with this Court's Order, the Defendants have had the opportunity to further frustrate, interfere and obstruct this Court's Order on the impoundment of the materials and data in question.  Any further delay afforded to the Defendants will only allow them more and more time to destroy, alter or hide information subject to the Court's Order in question.  As such, Plaintiffs respectfully submit that it is imperative that the Defendants' Motion to Continue Show Cause Hearing be denied.

As further support for their strong opposition to Defendants' Motion in Question, the Plaintiffs would note that counsel for Defendants completely failed to note the clear and strong objection to this motion made by Plaintiffs' counsel prior to the filing of said motion.  Indeed, Defendants' counsel completely fails to comply with the certificate of

consultation requirements of the local rules of this Court, the violation of which itself is good cause for the denial of the Defendants' motion.

What's more, the Plaintiffs would respectfully state that it is not the Plaintiffs' job, or this Court's, to ensure that the Defendants and their counsel properly appear in this matter and place themselves on the record in order to receive notification of the developments before this Court.  Indeed, the Defendants were served on February 24, 2009—but for nearly 2 months have completely failed to enter any appearance of any kind on the records, despite the fact they knew that developments were taking place in this matter.  Additionally, counsel for the Defendants, Mr. Bradberry, admits that he has been participating in this litigation, but has failed to ensure that either or his clients were placed on this Court's ECF notification list, or in some other way were ensured of receiving notification of the activities in this cause, a fundamental step normally taken by practitioners as a matter of first response to make certain that their clients are informed. The Defendants and their counsel should not be allowed to hide behind their failure to enter an appearance in this matter and again frustrate the efforts of this Court and the Plaintiffs in achieving the clear goals set out in this Court's Order.

In conclusion, the Plaintiffs would respectfully state that it is no excuse that the Defendants and their counsel have failed to enter an appearance in this matter.  The original hearing on this matter has already been continued at least two times—during which time is has become beyond clear that the Defendants have destroyed, altered and/or hidden significant portions of the data subject to this Court's Order.  To allow for a continuance would only afford the Defendants additional time to frustrate, obstruct and interfere with this Court's Order.  The Plaintiffs would suggest that if this Court feels that

the Defendants need some additional time to respond to the issues in the Show Cause hearing that the Court require the Show Cause hearing to go forward and allow the Defendants to provide any supplemental information following the hearing to the extent they believe they have any legitimate explanation for their continued, willful violations of this Court's Order.  In other words, the Plaintiffs would respectfully request that this Court require the Show Cause hearing to go forward, and address the need for supplementation by the Defendants after the hearing if it deems necessary.

WHEREFORE, the Plaintiffs respectfully request that this Court deny the Defendants Motion to Continue Show Cause Hearing.  The Plaintiffs also request any such other and further relief to which they may be entitled in this matter.

Respectfully submitted,

s/ Russell E. Reviere
Russell E. Reviere
Rainey, Kizer, Reviere & Bell, P.L.C.
105 Highland Avenue South
P.O. Box 1147
Jackson, TN 38301
(731) 423-2414
Fax:  (731) 426-8111
rreviere@raineykizer.com

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(202) 662-0200
Fax: (202) 662-4643
rburgoyne@fulbright.com
cmew@fulbright.com

*Counsel for Plaintiffs National Board of
Medical Examiners and Federation of State
Medical Boards*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon the following via U.S. Mail postage prepaid on April 14, 2009 (with a courtesy copy of this pleading sent to Defendants' counsel at jbradberryesq@citlink.net):

Optima University, LLC
1774 Highway 22
McKenzie, Tennessee 38201

Eihab Mohammed Suliman
1774 Highway 22
McKenzie, Tennessee 38201

s/ Russell E. Reviere_____

85044813.1                                      5