UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

_____

|  |  |  |
|---|---|---|
| **NATIONAL BOARD OF MEDICAL EXAMINERS** *et al.*, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 09-1043-JDB |
| **OPTIMA UNIVERSITY LLC** *et al.*, | ) ) ) |  |
| Defendants. | ) ) |  |

_____

**PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM IN FURTHER
SUPPORT OF HOLDING DEFENDANTS IN CONTEMPT FOR
VIOLATING THE COURT'S TRO AND IMPOUNDMENT ORDER**
_____

On February 23, 2009, the Court granted plaintiffs' request for an emergency temporary restraining order directing a U.S. Marshal to seize and impound copies of confidential testing materials that defendants had unlawfully obtained for use in the courses they operate for individuals who plan to take the United States Medical Licensing Examination, or "USMLE." (*See* Ex. A hereto, Docket #21). Three month later, defendants still have not complied with the Court's Impoundment Order.[1] Defendants have repeatedly and willfully defied this Court's directives, showing the same disdain for the Court's authority as they have shown for the plaintiffs' intellectual property rights and the integrity of the licensure process for physicians.

---

[1] *See* Plaintiffs' Status Report and Emergency Motion for an Order Requiring Defendants to Show Cause Why They Should Not Be Held in Contempt for Violating the Court's TRO and Impoundment Order (Docket # 13); Plaintiffs' Supplemental Memorandum in Further Support of Holding Defendants in Contempt for Violating the Court's TRO and Impoundment Order (Docket # 33); Plaintiffs' Response to Defendants' Motion to Continue Show Cause Hearing (Docket # 35).

85063892.1

Because defendants failed to cooperate during the plaintiffs' first trip to Optima's McKenzie premises, plaintiffs were forced to make a second visit -- arranged by defendants in a last-minute attempt to avoid contempt sanctions by purporting to provide access to materials that they had previously withheld. Remarkably, defendants again failed to provide all of the USMLE questions in their custody or control during this second visit. Moreover, they erased, transferred and otherwise removed electronic records notwithstanding an express order by this Court that all records be preserved. (*See* Docket #33)

Plaintiffs incurred $17,445.21 in forensic expert fees and costs for this second visit to the Optima premises, which was made necessary only because of the defendants' failure to comply with the Impoundment Order during the initial visit. *See* Ex. A hereto. As previously shown, defendants should be ordered to pay this amount to plaintiffs, plus the reasonable attorneys' fees incurred by plaintiffs in pursuing this contempt motion. *See* Docket # 33.

But further sanctions are also warranted. Most importantly, the plaintiffs still have not been given copies of all of the USMLE questions which the individual defendants unlawfully obtained by posing as legitimate USMLE examinees in various foreign countries and then taking pictures of their computer exam screens. *See* Complaint ¶¶ 33-47 (Docket # 1). Defendants have been using these stolen test materials in the Optima USMLE preparation programs. *Id.* This is a matter of significant concern. The USMLE is a key component in the licensure process for physicians. Therefore, it is no exaggeration to say that the public health and welfare is potentially at risk because of the defendants' unlawful actions.

Defendants have repeatedly violated their obligations under the Impoundment Order.  The only way to compel compliance at this point is through imprisonment of Optima's owner and operator, defendant Eihab Mohamed Suliman, until he fully complies with the Court's order.  "Both imprisonment and fines, when coercive or conditional, are legitimate civil contempt sanctions." *United States v. Tennessee*, 925 F. Supp. 1292, 1301 (W.D. Tenn. 1995) (citations omitted); *see also Int'l Union, United Mine Workers of Amer. v. Bagwell*, 512 U.S. 821, 827 (1994). ("penalties designed to compel future compliance with a court order . . . may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."); *In re Grand Jury Proceedings*, 280 F.3d 1103, 1110 (7th Cir. 2002) ("'a court may punish civil contempt by both a fine and imprisonment'") (citations omitted); *United States v. Bayshore Assoc., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991) ("Incarceration has long been established as an appropriate sanction for civil contempt").  Both a monetary penalty and imprisonment are warranted here.  Something has to happen to demonstrate to Mr. Suliman that laws and courts orders have meaning.

During the contempt show cause hearing on April 14, 2009, counsel for defendants informed the Court that defendants had recently filed for bankruptcy.  The Court then requested briefing on the impact of the bankruptcy proceedings on plaintiffs' pending contempt motion.  *See* Minute Order (Docket #36).  Plaintiffs promptly complied with the Court's request, filing a Brief Regarding the Inapplicability of the Bankruptcy Code's Automatic Stay to the Pending Contempt Motion (Docket #38).  Defendants have not filed a responsive brief.

The Court clearly has the authority to rule upon the plaintiffs' contempt motion notwithstanding the pending bankruptcy proceedings, and to provide both monetary and non-monetary relief to remedy the contempt. To the extent that any concerns remain in this regard, they have been addressed by subsequent developments in the bankruptcy court. On April 16, 2009, plaintiffs filed motions in both bankruptcy cases asking to have the Bankruptcy Code's automatic stay lifted so that plaintiffs can continue to prosecute the present litigation. A hearing on the motions was scheduled for May 13, 2009. Two days before the hearing, defendants' bankruptcy counsel contacted plaintiffs' counsel to discuss possible stipulated orders. The parties agreed upon such orders, which were presented to the bankruptcy court during the hearing on May 13th. The stipulated orders lift the automatic stay so that plaintiffs can pursue every aspect of this lawsuit other than a determination of the damages which plaintiffs will be entitled to recover under the Copyright Act upon a finding of infringement. *See* Ex. B hereto. Plaintiffs will have to return to the bankruptcy court to get further relief from the stay in order to have that single, and final, aspect of this litigation addressed. *Id.* In the meantime, however, this case can proceed in all respects.

## CONCLUSION

Through a variety of delaying tactics and efforts to hide evidence, the defendants have acted in complete contempt of the Court's Impoundment Order. They should therefore be held in contempt as soon as the Court can act, and meaningful relief should be provided so as to protect the integrity of the judicial process and the integrity of the physician licensure process. Such relief is provided for in the revised proposed contempt order submitted herewith.

    Respectfully submitted,

    s/ Russell E. Reviere_____ _____
Russell E. Reviere
RAINEY, KIZER, REVIERE & BELL, P.L.C.
105 Highland Avenue South
P.O. Box 1147
Jackson, TN 38301
(731) 423-2414
Fax:  (731) 426-8111
rreviere@raineykizer.com

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(202) 662-0200
Fax: (202) 662-4643
rburgoyne@fulbright.com
cmew@fulbright.com

*Counsel for Plaintiffs National Board of Medical Examiners and Federation of State Medical Boards*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served on the following by electronic means via the Court's electronic filing system:

James H. Bradberry
Attorney at Law
109 N. Poplar Avenue
Dresden, TN 38225-1115

This the 18th day of May, 2009.

                                                              s/ Russell E. Reviere_____