UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NATIONAL BOARD OF MEDICAL EXAMINERS *et al.*,   )<br>   )<br>Plaintiffs,   )<br>v.   )<br>   )<br>OPTIMA UNIVERSITY LLC *et al.*,   )<br>   )<br>Defendants.   ) | Civil Action No. 09-1043-JDB |

**PLAINTIFFS' RESPONSE TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

Plaintiffs National Board of Medical Examiners and the Federation of State Medical Boards hereby respond to the Motion filed by James Bradberry to withdraw as counsel for the defendants in this action.[1]  Plaintiffs do not oppose Mr. Bradberry's motion to withdraw.

A response is nonetheless warranted, however, because the grounds for withdrawal reinforce the urgency of the plaintiffs' pending motion to hold the defendants in contempt for violating -- on multiple occasions -- the Order that this Court entered on February 23, 2009.  *See* Plaintiffs' Status Report and Emergency Motion for an Order Requiring Defendants to Show Cause Why They Should Not be Held in Contempt for Violating the Court's TRO and Impoundment Order (March 4, 2009) (D.E. 13); Plaintiffs' Supplemental Mem. in Further Support of Holding Defendants in Contempt (April 10, 2009) (D.E. 33); Plaintiffs' Resp. to Defendants' Motion to Continue Show

---

[1]   Mr. Bradberry's motion refers to "Defendant" in the singular.  He is presumably referring to defendant Eihab Suliman, the owner of co-defendant Optima University LLC.  We assume Mr. Bradberry is seeking to withdraw as counsel for both defendants.

85135998.1

Cause Hearing (April 14, 2009) (D.E. 35); *and* Plaintiffs' Second Supplemental Mem. in Further Support of Holding Defendants in Contempt (May 18, 2009) (D.E. 39).

According to the motion to withdraw, Mr. Suliman has been "unavailable and absent from the country" for some period of time, and he has told Mr. Bradberry that he is "unable to satisfy [his] attorney fees." Motion at ¶¶ 3, 4; Affidavit at 1. Optima continues to operate, however, and thus continues to place the public health and welfare at risk through its unlawful practices in preparing individuals to take the United States Medical Licensing Examinations ("USMLE"). *See* Exs. A and B hereto (statements filed by Optima in its pending bankruptcy case, indicating that Optima is still operating and had income in excess of $36,000 for the months of March and April).[2] Indeed, Mr. Suliman may well be "out of the country" precisely because he is continuing his efforts to steal confidential USMLE exams questions in Romania, Hungary or other foreign countries where the USMLE is administered, as he has done (or coordinated others in doing) in the past. *See* Complaint at ¶¶ 33-45.

The defendants' conduct has been nothing short of outrageous. They continue to flout the law and to treat this Court with the same disdain that they have shown for the plaintiffs. Meanwhile, the individuals who have taken advantage of Optima's unlawful

---

[2] The Bankruptcy Court has lifted the automatic stay that would otherwise apply with respect to certain aspects of this lawsuit. *See* D.E. 35, *In re Optima University LLC,* No. 09-11212 (Bankr. Ct. W.D. Tenn.). Therefore, Optima's pending bankruptcy action poses no impediment to this Court's proceeding with the present lawsuit. The Bankruptcy Court entered a similar order lifting the stay in Mr. Suliman's separate bankruptcy case, but that case has since been dismissed outright by the Bankruptcy Court. *See* D.E. 14 and D.E. 16, *In re Eihab Suliman*, No. 09-11213 (Bankr. Ct. W.D. Tenn.). Therefore, the Suliman bankruptcy case likewise poses no impediment to this case moving forward.

85135998.1

test-preparation activities are working their way through the graduate medical education process towards licensure as physicians. That is a very disturbing prospect.

## CONCLUSION

This case involves much more than copyright infringement claims. It involves the integrity of the licensure process for physicians. Time is of the essence if the harm caused by Optima and its owners is to be addressed. The harm can never be undone, but it can certainly be reduced. In light of the above, and with due appreciation of the Court's conflicting schedule demands, plaintiffs respectfully urge the Court to act as soon as possible on their pending contempt motion by entering the proposed Order that was submitted to the Court and opposing counsel as an email attachment on May 18, 2009. They also request that the Court schedule a status conference in order to get an initial scheduling order in place as promptly as possible.

Respectfully submitted,

s/ Russell E. Reviere
Russell E. Reviere
Rainey, Kizer, Reviere & Bell, P.L.C.
105 Highland Avenue South
P.O. Box 1147
Jackson, TN 38301
(731) 423-2414
rreviere@raineykizer.com

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(202) 662-0200
rburgoyne@fulbright.com
cmew@fulbright.com

*Counsel for Plaintiffs*

85135998.1

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served on the following via email this Court's ECF system:

James H. Bradberry
Attorney at Law
109 N. Poplar Avenue
Dresden, TN 38225-1115

This the 7th day of July, 2009.

                s/ Russell E. Reviere_____