UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NATIONAL BOARD OF MEDICAL EXAMINERS *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OPTIMA UNIVERSITY LLC *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 09-1043-JDB |

PLAINTIFFS' THIRD SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
CONTEMPT SANCTIONS

Plaintiffs National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB") submit this memorandum in further support of their pending motion to hold defendants in contempt. The motion was filed on March 4, 2009. Defendants have made no effort to respond to the motion or to defend their actions.

To the contrary, the defendants continue to flout the law and to treat this Court with the same disdain that they have shown for the plaintiffs. Meanwhile, the individuals who have taken advantage of Optima's unlawful USMLE test-preparation activities are working their way through the graduate medical education process towards licensure as physicians. That is a very disturbing prospect.

It is no exaggeration to state that the public welfare may be directly affected by this litigation. *The purpose of this filing is to provide additional information to the Court regarding the actions of defendants Eihab Suliman and Optima University, and to reinforce the urgent need for meaningful judicial relief.* As shown in papers previously filed with the Court, the defendants should be held in contempt for violating --

85236056.1

on multiple occasions -- the impoundment Order that this Court entered on February 23, 2009.  *See* Plaintiffs' Status Report and Emergency Motion for an Order Requiring Defendants to Show Cause Why They Should Not be Held in Contempt for Violating the Court's TRO and Impoundment Order (March 4, 2009) (D.E. 13); Plaintiffs' Supplemental Mem. in Further Support of Holding Defendants in Contempt (April 10, 2009) (D.E. 33); Plaintiffs' Resp. to Defendants' Motion to Continue Show Cause Hearing (April 14, 2009) (D.E. 35); *and* Plaintiffs' Second Supplemental Mem. in Further Support of Holding Defendants in Contempt, with proposed Order attached (May 18, 2009) (D.E. 39).

The following events underscore the need for and appropriateness of an immediate contempt order against the defendants:

1.    Optima continues to operate its in-person test preparation program, and thus continues to place the public health and welfare at risk through its unlawful practices in preparing individuals to take the United States Medical Licensing Examinations ("USMLE").  *See* Exs. A and B hereto (statements filed by Optima in its pending bankruptcy case, indicating that Optima is still operating its test preparation classes from its McKenzie location and had income in excess of $36,000 for the two months reported).[1]

---

[1]    On May 20, 2009, the Bankruptcy Court lifted the automatic stay that would otherwise apply with respect to certain aspects of this lawsuit. *See* D.E. 35, *In re Optima University LLC,* No. 09-11212 (Bankr. Ct. W.D. Tenn.).  Therefore, Optima's pending bankruptcy action poses no impediment to this Court's proceeding with the present lawsuit. The Bankruptcy Court entered a similar order lifting the stay in Mr. Suliman's separate bankruptcy case, but that case has since been dismissed outright by the Bankruptcy Court. *See* D.E. 14 and D.E. 16, *In re Eihab Suliman,* No. 09-11213 (Bankr. Ct. W.D. Tenn.).  Therefore, the Suliman bankruptcy case likewise poses no impediment to this case moving forward.

85236056.1

2.      Optima has also begun selling "Online Assessment Exams" over the internet for the USMLE Step 1 and Step 2 exams. *See* Ex. C hereto. Plaintiffs do not know whether these "online assessments" include the plaintiffs' copyrighted USMLE materials, but that is a distinct possibility, given the defendants' widespread and blatant infringement of the plaintiffs' USMLE questions. If so, the risk of plaintiffs' intellectual property being distributed improperly around the world has increased significantly.

3.      According to the motion that was filed by defendants' counsel when seeking leave to withdraw, Mr. Suliman has been "absent from the country" for some period of time. *See* D.E. 43 (Motion at ¶ 3; Bradberry Affidavit at 1). Mr. Suliman may well be "out of the country" precisely because he is continuing his efforts to unlawfully obtain confidential USMLE exams questions in Romania, Hungary, or other foreign countries where the USMLE is administered, as he has done (or engaged others to do) in the past. *See* Complaint at ¶¶ 33-45 (D.E. 1).

4.      An Order recently filed in the Optima bankruptcy proceeding indicates that Optima could lose its McKenzie property if it fails to conclude the purchase terms by October 16, 2009. *See* Ex. D hereto at 2. If that were to happen, Optima and Mr. Suliman might well re-locate their operations and leave Tennessee (and perhaps leave the United States). Optima operated out of a warehouse in New Jersey before moving to Tennessee in 2007 or 2008.

5.      A few months ago (and subsequent to the filing of the plaintiffs' contempt motion), Optima changed its website host from a service in the United States (Hostgator.com) to a hosting location in Romania (Databank.ro). *See* Ex. E hereto at 2. Much of the USMLE exam content that the defendants have unlawfully obtained from

85236056.1

the plaintiffs is likewise stored on and accessed from computer servers located in Romania. *See* Declaration of Ken G. Tisdel at ¶¶ 18-20 (D.E. 33, at Ex. A). This makes it all the more important that meaningful relief be provided to the NBME and FSMB while defendants remain in the United States and subject to the jurisdiction of the Court.

      **6.**      Mr. Suliman has apparently begun a new business venture -- "EZAA" -- which operates (at least for the time being) out of the same McKenzie, Tennessee location as Optima. *See* Ex. F hereto at 1. The new venture offers a "Computer Based Learning Program" that was purportedly "developped [sic] at Optima University" and is now being "made available for anybody to use." *Id.* at 2. It also offers "Data Security" services that include:

- Data Encryption
- Data Backups
- Data Masking
- Data Erasure

- Computer Forensics
- Collecting Digital Evidence
- Imaging Electronic Media
- Collecting Volatile Data

*See id.* at 4-7. It is unclear whether plaintiffs' intellectual property is being used in any way in this new venture, but that is certainly a possibility. At the very least, however, the services offered by this new venture are directly at odds with Mr. Suliman's suggestion, during the attempted impoundment of infringing materials authorized by the Court's Order, that he is computer-illiterate and therefore could not assist appropriately in complying with the Court's order to retrieve information from the Optima computers and servers. *See* Decl. of Ken G. Tisdel at ¶ 15 (D.E. 33, at Ex. A); Decl. of Russell Kinard at ¶¶ 3-8 (D.E. 13, at Ex. A). Mr. Suliman is now affirmatively marketing data encryption, data masking and data erasure skills that were honed in the course of violating this Court's impoundment Order. In other words, he has not only been able to avoid -- at

least to date -- suffering any consequences for destroying, hiding and/or transferring records in violation of the Court's Order, he is now trying to profit from those actions.

## CONCLUSION

This case involves much more than copyright infringement. It involves the integrity of the licensure process for physicians, and the integrity of this Court's orders. Time is of the essence if the continuing harm caused by Optima and its owners is to be addressed. The harm can never be undone, but it can certainly be reduced. In light of the above and the information previously provided to the Court, plaintiffs respectfully urge the Court to act as soon as possible on their pending contempt motion by entering the proposed order that was included in Docket Entry No. 39 and is also included with this filing for the convenience of the Court.

<div style="margin-left:45%">

Respectfully submitted,


/s/ Russell E. Reviere
Russell E. Reviere
Rainey, Kizer, Reviere & Bell, P.L.C.
105 Highland Avenue South
P.O. Box 1147
Jackson, TN 38301
(731) 423-2414
rreviere@raineykizer.com

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(202) 662-0200
rburgoyne@fulbright.com
cmew@fulbright.com

*Counsel for Plaintiffs*

</div>

85236056.1

- 6 -

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document

was served on the following via regular mail and this Court's ECF system:


Eihab Suliman
1774 Hwy 22
McKenzie, TN  38201

This the ___ day of September, 2009.


/s/ Russell E. Reviere