UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

_____

|  |  |  |
|---|---|---|
| **NATIONAL BOARD OF MEDICAL EXAMINERS** *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-1043-JDB |
| **OPTIMA UNIVERSITY LLC** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

_____

# ORDER
_____

This matter is before the Court on its Order to Defendants to show cause why they should not be held in contempt of Court for violating the Court's Order of February 23, 2009 (the "Impoundment Order"). The Court finds that Defendants have failed to show cause and therefore holds the Defendants in contempt. The Court GRANTS the following relief based upon this contempt:

(1) Defendants are ORDERED to: (a) provide the Court and the Plaintiffs, within five (5) days of this Order, with an affidavit that (i) contains a complete descriptive list of all materials in the Defendants' custody or control that contain USMLE-type questions or cases, whether in a paper or electronic format, and whether in original source form (*e.g.,* videotapes or screen shots from live USMLE exams) or re-typed or otherwise re-formatted, as well as the source and current physical location of all copies of all such materials (including the location of computer servers that host any such materials) and all passwords or other

information necessary to access those materials; (ii) states whether any paper or electronic records have been erased, destroyed, transferred or in any way altered by the Defendants or their agents at any time on or after February 23, 2009; and, if so, identifies those records and states when, by whom, how, and why the records were erased, destroyed, transferred or altered; and, if transferred, where, when and to whom or to what location the records were transferred; and (iii) identifies the names and last known address of all persons who have received access to the Optima course materials, including all individuals who have taken any Optima review course and all individuals who have taught or otherwise participated in any of Optima's USMLE programs or activities; and

(b) at Plaintiffs' option, promptly make available to Plaintiffs and their forensic experts at Optima's premises in McKenzie, Tennessee, all paper-based documents and all computers (PCs, laptops and PDAs), servers, hard drives, CDs, DVDs, video recordings, audio recordings, digital cameras, and other electronic media in the custody or control of the Defendants that contain any USMLE-type questions or cases, for further inspection and copying of any materials that are within the scope of the Court's initial Impoundment Order but have not yet been made fully available and accessible to Plaintiffs, along with the passwords, access codes or other information necessary to access all data previously or subsequently retrieved from Optima's premises;

(2)     Defendants are again ORDERED to fully and promptly cooperate in the implementation of this Order by Plaintiffs, their forensic experts, and the U.S. Marshal(s);

(3)     Defendants are again ORDERED to preserve all documents and other records in their custody or control that relate in any way to their USMLE test preparation services or programs, and shall refrain from erasing, destroying or transferring any such records (whether in a paper or electronic format, and whether originals or copies);

(4)     Plaintiffs are AUTHORIZED to retain all records obtained during the initial impoundment and during any supplemental trips to Optima's premises to impound and retrieve records, and to use any of those records for any lawful purpose so long as they would have been discoverable in this litigation;

(5)     Defendants are ORDERED to reimburse Plaintiffs for the additional U.S. Marshal costs that they incurred because of the Defendants' failure to cooperate during the initial impoundment, in the amount of $330.00, to be paid by Defendants to Plaintiffs' counsel within ten (10) days of this Order;

(6)     Defendants are ORDERED to reimburse Plaintiffs for the U.S Marshal costs that they incurred because they had to make second visit to Optima, in the amount of $1210.00, to be paid by Defendants to Plaintiffs' counsel within ten (10) days of this Order;

(7)     Defendants are ORDERED to reimburse Plaintiffs $17,445.21 for the costs and fees Plaintiffs incurred to obtain the assistance of their forensic

experts in pursuing the impoundment through a second visit to Optima, to be paid by Defendants to Plaintiffs' counsel within ten (10) days of this Order;

(8) Defendants are ORDERED to reimburse Plaintiffs for any costs they may incur in any subsequent trips to Optima's premises to impound and retrieve records in accordance with the initial Impoundment Order and this Order, which must be paid to Plaintiffs' counsel within ten (10) days of Defendants' receipt of a statement from Plaintiffs' counsel itemizing such costs; and

(9) Plaintiffs are GRANTED their reasonable attorneys' fees and costs incurred in connection with this contempt motion, in an amount to be determined following the submission of a fee and cost request by the Plaintiffs in accordance with Fed. R. Civ. P. 54.

**IT IS SO ORDERED** this 16th day of October, 2009.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE