IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NATIONAL BOARD OF MEDICAL
EXAMINERS, *et al.*,

    Plaintiffs,

v.                                      No. 09-1043

OPTIMA UNIVERSITY LLC, *et al.*,

    Defendants.

---

ORDER TO ISSUE WARRANT FOR THE ARREST OF EIHAB SULIMAN

---

The Plaintiffs filed suit against all Defendants[1] on February 23, 2009. As a result of the Defendants' noncompliance with the Court's Impoundment Order of February 23, 2009, the Court scheduled a hearing for September 23, 2009 for Defendant Eihab Suliman ("Suliman") to show cause why he should not be held in civil contempt. Suliman did not appear at the hearing, and the Court subsequently issued an Order on October 16, 2009, holding him in contempt for his failure to appear and his willful violations of the Impoundment Order. (Docket Entry ("D.E.") No. 56.) On January 15, 2010, the Court ordered Suliman to show cause why he should not be incarcerated for his failure to abide by this Court's Orders, including the Contempt Order. (D.E. No. 58.) He has not responded to the Show-Cause Order.[2] At all times during the pendency

---

[1] Despite multiple named Defendants, Defendant Eihab Suliman is the principal offender, and is the contemnor in this case.

[2] In the Show-Cause Order, the Court directed the clerk to mail a copy to Suliman at his last known address. The mail was returned as undeliverable on January 28, 2010. (D.E. No. 59.) However, it is a party's responsibility to keep the Court apprised of his current address at all times throughout the duration of the litigation in which he is involved. *See, e.g.*, Brewer v. Technicolor Warehouse, 2007 WL 1857322, at *3 (W.D. Tenn. 2007) ("the most basic responsibility of a litigant is to keep the Court and the other parties informed of [his] whereabouts").

of these proceedings, Suliman has flouted this Court's authority and has willfully disobeyed or ignored its Orders.[3]

"When a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 828 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994) (internal modifications and quotations omitted). Thus, if the punishment is designed to effectuate a court's orders, as here, it is civil contempt, which is remedial in nature. Bagwell, 512 U.S. at 827. "The paradigmatic coercive, civil contempt sanction, as set forth in Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S. Ct. 492, 55 L. Ed. 797 (1911), involves confining a contemnor indefinitely until he complies with an affirmative command. . .." Bagwell, 512 U.S. at 828. "In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." Id. (internal citations and quotation marks omitted).

A district court has " 'inherent authority to fashion the remedy for contumacious conduct,' and incarceration is among the authorized remedies." U.S. v. Conces, 507 F.3d 1028, 1043-44 (6th Cir. 2007) (quoting Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 557 (6th Cir. 2006)). "[I]ncarceration is a severe sanction" for a party's noncompliance with court orders, one that "ordinarily should be employed only as a last resort." Conces, 507 F.3d at 1043. In Conces, the Sixth Circuit found that incarceration was warranted because "nothing short of [the

---

[3] Suliman's unrepentant and obstreperous behavior is outlined in great detail in the Plaintiffs' various memoranda in this case. (D.E. Nos. 33, 39, 50, 55, 57.)

defendant's] imprisonment would secure his compliance with the court's orders," given the fact that he repeatedly had refused to comply with such orders even in the face of escalating sanctions, which culminated in a threat of incarceration. Id. at 1044. Likewise, in this case, Suliman repeatedly has refused to comply with this Court's orders. He has ignored the express directives of this Court to comply with all prior contempt sanctions, such that the Court is convinced that nothing short of his incarceration will result in the relief to which the Plaintiffs are entitled. Therefore, the United States Marshal Service is hereby directed to issue a warrant for the arrest of Eihab Suliman, and to incarcerate him until such time as he has purged himself of his contempt by complying with all of the Court's directives in its contempt Order dated October 16, 2009. (D.E. No. 56.)

**IT IS SO ORDERED** this, the 11th day of February, 2010.

                                                   s/ J. DANIEL BREEN
                                                 UNITED STATES DISTRICT JUDGE